IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16CV367

| | |
|---|---|
| THEODORE HENDRICKSON, )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL, )<br>**Acting Commissioner of Social Security** )<br>**Administration,** )<br>)<br>**Defendant.** )<br>_____ ) | **MEMORANDUM AND**<br>**RECOMMENDATION** |

This matter is before the Court on the parties' cross motions for summary judgment (# 13, 18) and Plaintiff's Motion to Receive New and Material Evidence (# 12). Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision by the Commissioner of Social Security ("Commissioner"). The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons addressed below, the Court recommends that Plaintiff's motion for summary judgment be granted, the Commissioner's motion for summary judgment be denied, and Plaintiff's Motion to Receive New and Material Evidence be denied.

I.  **Procedural Background**

As a child, Plaintiff received Supplemental Security Income ("SSI") benefits based on a disability. (Transcript of Administrative Record ("T." 45, 80-95.) On January 31, 2012, Plaintiff attained age 18 (T. 175), and he was eligible for SSI benefits as a child for the month before he turned 18 (T. 47). The Social Security Act required Defendant to redetermine Plaintiff's (continuing) eligibility for SSI when he turned 18 years old. (T. 45, 47.)

On January 10, 2013, it was determined that Plaintiff was no longer disabled as of January

1, 2013. (T. 45, 77, 96-98.) Plaintiff appealed (T. 103), and the decision was upheld on reconsideration (T. 123-35).

On May 21, 2015, Plaintiff filed a request for a hearing. (T. 23, 136.) Administrative Law Judge ("ALJ") Schwartzberg held a hearing on September 23, 2015. (T. 23-32.) On October 16, 2015, ALJ Schwartzberg determined that Plaintiff's disability ended on January 1, 2013, and he has not become disabled again since that date. (T. 54.)

Plaintiff requested review of the ALJ's October 16, 2015, decision. (T. 1-4.) The Appeals Council denied Plaintiff's request for review. (T. 1.) On November 9, 2016, Plaintiff filed the instant action seeking review of the Commissioner's final decision. See Compl. (# 1).

## II.    Standard of Review

This Court is authorized to review the Commissioner's final decision that a person is not entitled to disability benefits. 42 U.S.C. § 405(g); Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006) (citing Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001)). The Court's role is limited to determining whether the ALJ applied the correct legal standards and whether substantial evidence supports the ALJ's factual findings. Meyer v. Astrue, 662 F.3d 700, 704 (4th Cir. 2011).

"Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted). It constitutes "more than a mere scintilla of evidence but may be less than a preponderance." Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). "A factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

A person under age 18 is deemed "disabled" if he or she has a "medically determinable

physical or mental impairment or combination of impairments that causes marked and severe functional limitations, and that can be expected to cause death or that lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.906. When that person turns 18, the Commissioner must redetermine their eligibility under the adult disability standard.[1] 42 U.S.C. § 1382c(a)(3)(H)(iii); 20 C.F.R. § 416.987(a), (c).

The ALJ follows a four-step process in age-18 redeterminations. Lloyd v. Colvin, No. 4:14-CV-00040, 2015 WL 5690817, at *2 (W.D. Va. Sept. 28, 2015). In particular, the ALJ asks, in the following order, whether the young adult: (1) has a severe impairment, (2) has an impairment that meets or equals an impairment listed in the Social Security Act's regulations, (3) is able to return to his or her past relevant work, if any, and if not, (4) can perform other work that exists in the economy. 20 C.F.R. § 416.987(b) (citing 20 C.F.R. § 416.920(c), (h)).[2]

### III.  The ALJ's Decision

In his October 16, 2015, decision, ALJ Schwartzberg concluded that Plaintiff's disability ended on January 1, 2013, and that Plaintiff has not become disabled again since that date. (T. 32.) ALJ Schwartzberg made the following specific findings:

(1)   The claimant attained age18 on January 30, 2012, and he was eligible for SSI benefits as a child for the month preceding the month in which he attained age 18. The claimant was notified that he was found no longer disabled as of January 1, 2013, based on a redetermination of disability under the rules for adults who file new applications.

(2)   Since January 1, 2013, the claimant has had the following severe impairments: Asperger's syndrome; depression; anxiety; and a personality disorder, not otherwise specified. (20 C.F.R. § 416.920(c)).[3]

---

[1] An adult is determined "disabled" if he or she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a).

[2] At steps one through three, the claimant bears the burden of proof. Lloyd v. Colvin, No. 4:14-CV-00040, 2015 WL 5690817, at *2 (W.D. Va. Sept. 28, 2015). At the fourth step, the burden shifts to the agency to demonstrate that the claimant is not disabled. Id.

[3] Plaintiff avers that the ALJ did not "specifically say whether he considers Plaintiff disqualified in the sequential

3

(3) Since January 1, 2013, the claimant did not have any impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926)

(4) Since January 1, 2013, the claimant has had the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: he can perform simple, routine job tasks with no more than occasional contact with co-workers, supervisors, and the public.

(5) Since January 1, 2013, the claimant was capable of performing past relevant work as a dishwasher. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. § 416.965).

(6) The claimant's disability ended on January 1, 2013, and the claimant has not become disabled again since that date (20 C.F.R. §§ 416.987(e), 416.920(f)).

(T. 23-32.)

## IV. Discussion

### A. Plaintiff's Motion to Receive New and Material Evidence

The Court will first address Plaintiff's Motion to Receive New and Material Evidence (# 12). Plaintiff moves, pursuant to the sixth sentence of 42 U.S.C. § 405(g), for this Court to receive the evidence attached to his motion and direct that this additional evidence be taken before the Secretary. Id. at 1. The evidence consists of the following:

- A December 23, 2016, decision by ALJ Michael J. Davenport, in which he determined that Plaintiff's autism and Asperger's Syndrome met the criteria of Listing 12.10, and Plaintiff has been under a disability since October 16, 2015, the day after the unfavorable decision

---

evaluation process for having worked during the alleged period of disability." Pl.'s Mem. Supp. (# 14) at 16. As noted, the ALJ proceeded to step two of the sequential evaluation, which serves as an implicit finding that the claimant was found not to be engaged in substantial gainful activity. See 20 C.F.R. § 416.920(a)(4)(i) (noting that if the claimant is engaged in substantial gainful activity, the claim will be denied at step one of the sequential evaluation).

4

by ALJ Schwartzberg, who concluded that Plaintiff was not disabled as of October 16, 2015.

- The October 31, 2016, consultative examination report from clinical psychologist Karen Marcus, Psy.D., which was obtained by the Disability Determination Services. Dr. Marcus's evaluation was performed in connection with the application for disability benefits adjudicated by ALJ Davenport.[4]

- The May 20, 2016, "statement" from Stephen Semcho, MA, LPA, Plaintiff's Autism Specialist at the Asheville TEACCH Center, which is associated with U.N.C. School of Medicine.

Sentence six provides:

> The court may . . . at any time order additional evidence to be taken before the Commission of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]

42 U.S.C. § 405(g). A reviewing court may remand to the Commissioner on the basis of new evidence when the following perquisites are met: (1) the evidence is relevant to the disability determination at the time the application was first filed; (2) the evidence is material to the extent that the Commissioner's decision quite possibly could have been different if he had the evidence before him; (3) there is good cause for the claimant's failure to submit the new evidence when the claim was before the Commissioner; and (4) the claimant has made at least a general showing of the nature of the new evidence. 42 U.S.C. § 405(g);

Finney v. Colvin, 637 F. App'x 711, 715 (4th Cir. 2016); Mitchell v. Schweiker, 699 F.2d

---

[4] Disability Determination Services referred Plaintiff to Dr. Marcus for a comprehensive clinical psychological evaluation. See Pl.'s Mot. (# 12-2).

5

185, 188 (4th Cir. 1983).

For the reasons addressed below, Plaintiff's motion seeking a sentence six remand, based on extra-record evidence, must be denied.

### 1. ALJ Davenport's decision does not warrant a sentence six remand.

Plaintiff argues that ALJ Davenport's December 23, 2016, decision finding him disabled as of October 16, 2015, constitutes "new and material evidence." Pl.'s Mot. (# 12) at 3.

When evaluating what constitutes "new and material evidence," the Fourth Circuit has recognized a distinction between a decision granting benefits and the evidence supporting that decision. See Baker v. Comm'r of Soc. Sec., No. 12-1709, 2013 WL 1866936, at *1 n.* (4th Cir. May 6, 2013) (unpublished). In particular, the Fourth Circuit Court of Appeals has held that "a subsequent favorable decision itself, as opposed to the evidence supporting the subsequent decision, does not constitute new and material evidence under § 405(g)." Id. (quoting Allen v. Comm'r, 561 F.3d 646, 653 (6th Cir. 2009)). The Sixth Circuit Court of Appeals has explained that remand is not warranted solely on the basis of a favorable decision because the subsequent grant of benefits could have been based on a new age classification, a worsening of the claimant's condition, or some other change. Allen, 561 F.3d at 654. Consequently, ALJ Davenport's decision, standing alone, does not warrant a remand under sentence six.

Plaintiff argues that he "has been under a disability . . . since October 16, 2015, the day after the adverse decision by [ALJ] S.D. Schwartzberg, who found that Plaintiff was not disabled, as of October 15, 2015." Pl.'s Mot. (# 12) at 1-2. In particular, Plaintiff argues that the proximity in time makes ALJ Davenport's subsequent favorable decision "new and

material evidence." Id.

Plaintiff is mistaken. The critical date is not October 15, 2015, as Plaintiff argues. Rather, January 1, 2013, is the critical date, which is the date on which ALJ Schwartzberg found Plaintiff was no longer disabled (T. 32). In the subsequent action, ALJ Davenport found Plaintiff disabled from the date on which Plaintiff alleged he became disabled, October 16, 2015, through the date of the decision, December 23, 2016. (#12-1) at 13. Therefore, more than 33 months elapsed between the time ALJ Schwartzberg found Plaintiff's disability ceased and when ALJ Davenport found Plaintiff's disability began.[5]

In sum, ALJ Davenport's decision, standing alone, is not material to the time period at issue in this case and does not provide a basis for sentence six remand.

### 2. The additional reports do not warrant sentence six remand.

Plaintiff also argues that Dr. Marcus's report and Mr. Semcho's "statement" constitute "new and material evidence" that should be considered on remand. Pl.'s Mot. (# 12) at 2-3. In particular, Plaintiff contends that the evidence "relates to" his mental impairments and is "material" to the determination of Plaintiff's "vocational capacity . . . as he transitioned from a child receiving children's SSI disability benefits, to an adult being evaluated on the adult disability standard." Id. at 3.

Dr. Marcus's report (# 12-2) reflects impressions from the date of her examination, October 31, 2016. For example, Dr. Marcus reported on Plaintiff's "present illness," his daily activities at that time, and his then "current" treatment. Id. at 4. Also, Dr. Marcus addressed Plaintiff's then current functioning and noted that "[a]t this time" he was having "very significant problems" in handling stress. Id. at 7. Dr. Marcus opined that "at this

---

[5] The Court notes that this case is not one where the claimant was found disabled with an onset date merely one date after a decision finding him not disabled.

time it seems very unlikely that [Plaintiff] could manage a full time job." Id. Dr. Marcus did not relate her opinions back to the period on or before January 1, 2013, the date ALJ Schwartzberg found that Plaintiff's disability had ceased. See (# 12-2).

Mr. Semcho's May 20, 2016, "statement" (# 12-3) reflects the same flaw.[6] Mr. Semcho opined that "[Plaintiff] is not able to currently handle a full-time job." Id. at 2. Mr. Semcho did not relate his opinions back to the period on or before January 1, 2013.

Finally, Plaintiff has failed to demonstrate "good cause" for his failure to submit Mr. Semcho's statement when the matter was on review. The Appeals Council issued its decision in the underlying redetermination action on October 14, 2016 (T. 1.). The record does not reflect that Plaintiff submitted Mr. Semcho's statement to the Appeals Council. See (T. 1-4.)

For these reasons, Plaintiff's Motion to Receive New and Material Evidence must be denied.

### B.    Parties' Motions for Summary Judgment

In his first assignment of error, Plaintiff refers this Court to Switzer v. Colvin, No. 1:15-CV-212, 2016 WL 4182755, at *4 (W.D.N.C. July 5, 2016), which he contends stands for the proposition that the weight afforded to sources on non-exertional issues must be described in detail. Pl.'s Mem. Supp. (# 14) at 18. Plaintiff argues that the ALJ's minimal, boilerplate findings regarding his mental health issues fails to deal with the substance of the clinical records of the treating clinicians who found mental impairments through the lifetime of Plaintiff.[7] Id. at 19. The Court agrees.

---

[6] The Court notes that Mr. Semcho did not begin working with Plaintiff until October 30, 2015. See (# 12-3) at 1.
[7] At the outset, the Court notes that Plaintiff's Motion for Summary Judgment is not the model of clarity. There are no headings or designations that an assignment of error is beginning or concluding. Despite these shortcomings in Plaintiff's brief, the Court has done its best to discern and address Plaintiff's arguments.

In Switzer, adopted by U.S. Disrict Judge Reidinger, this Court noted that the ALJ's decision contained a conclusory statement regarding why the ALJ assigned various weights to the medical opinions in the record. 2016 WL 4182755, at *4. This Court further noted that it was left to review the medical evidence and determine on its own how the medical evidence supported the ALJ's decision. Id. Finally, this Court held that such conclusory findings by an ALJ made meaningful review by this Court "impossible." Id.

A review of the record reveals that the ALJ found that Plaintiff had several severe mental impairments. (T. 33.) This specific finding does not come along with a discussion of the evidence relating to Plaintiff's mental impairments. (T. 33.) At the next step in the sequential evaluation, the ALJ found that "[t]he severity of the claimant's mental impairments, considered singly and in combination, [did] not meet or medically equal the criteria of listings 12.04, 12.06, 12.08, 12.10 or any other listing under 12.00 of the listings." (T. 34.) Again, no discussion of Plaintiff's medical evidence and how it applied to listings 12.04, 12.06, 12.08, and 12.10. (T. 34.)

The Court concludes that Switzer is applicable and remand is necessary because the ALJ failed to show his work. While it is possible that the ALJ's decision is supported by substantial evidence, because there is no discussion or application with regard to the mental limitations, the Court is left to speculate regarding what evidence supported the Law Judge's decision. This will not do. Therefore, remand is warranted.[8]

## V. Conclusion

In light of the foregoing, the Court RECOMMENDS the following:

(1) Plaintiff's motion for summary judgment (# 13) be GRANTED, and this case be

---

[8] Plaintiff raises three assignments of error. See Pl.'s Mem. Supp. (# 14). Because Plaintiff has established that he is entitled to remand on the first assignment of error, the Court will not address the remaining assignments of error.

9

REMANDED for further proceedings;

(2) The Commissioner's motion for summary judgment (# 18) be DENIED; and

(3) Plaintiff's Motion to Receive New and Material Evidence (# 12) be DENIED.

Signed: February 17, 2018

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).